OPERA HOUSE COMPANY OF FARIBAULT v. GEORGE N. BAXTER.[1]

October 23, 1903.

Nos. 13,624—(40).

Action in the district court for Rice county to recover $480, for the use and occupation of rented premises. The case was tried before Buckham, J., who found in favor of plaintiff for $380. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*John W. Le Crone,* for appellant
*A. D. & A. L. Keyes,* for respondent.

PER CURIAM.

Defendant rented certain premises in a building belonging to the Faribault Opera House Company, and while so occupying them the building, and the lease under which he held, were conveyed to plaintiff,

1 Reported in 96 N. W. 1133.

the Opera House Company of Faribault, and this action was brought by it for the purpose of recovering the rent remaining unpaid for a part of the term of occupancy by defendant. The answer put in issue the validity of the transfer of the property and lease to the plaintiff company.

Only two of the assignments of error require notice. The court refused to admit evidence concerning the validity of the action of the board of directors of the grantor company authorizing the conveyance. The meeting of the directors was claimed to be invalid because one of the eleven members of the directory was absent from the state, had not been notified of the meeting, and was not present. The evidence was refused upon the ground that it was incompetent and immaterial. The offer of the evidence admitted that Kinsman had assigned his stock and that there was a vacancy in the directory. But, conceding that Kinsman was still a director and received no notice, yet the defendant could not test the validity of the resolution. The transfer was valid as regards defendant, for the grantor would not be permitted to take advantage of its own wrong. Conceding, further, that the resolution was invalid, and that defendant can take advantage of it in this action, it was not error to receive in evidence proof that the action of the directors was ratified at a subsequent meeting of the board. Although such ratification took place after the commencement of the present action, defendant was not prejudiced thereby.

Order affirmed.